# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILL DIVISION
### CIVIL ACTION NO.  5:19-CV-004-DCK

| | | |
|---|---|---|
| **MELINDA BEILHARZ**, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| **ANDREW SAUL,**[1] | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 13) and "Defendant's Motion For Summary Judgment" (Document No. 15).  The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition.  After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that "Plaintiffs Motion For Summary Judgment" (Document No. 13) be <u>granted</u>;  that "Defendant's Motion For Summary Judgment" (Document No. 15) be <u>denied</u>;  and that the Commissioner's decision be <u>vacated</u>.

## I.     BACKGROUND

Plaintiff Melinda Beilharz ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits.  (Document No. 1). On or about June 22, 2015, Plaintiff filed an application for a period of disability and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383,

---

[1]  Andrew Saul was sworn in as the Commissioner of Social Security on June 17, 2019, and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

alleging an inability to work due to a disabling condition beginning September 14, 2014. (Transcript of the Record of Proceedings ("Tr.") 16, 55, 261). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on October 16, 2015, and again after reconsideration on December 21, 2015. (Tr. 16, 202, 209). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> We have determined that your condition is not severe enough to keep you from working. We considered the medical and other information, your age, education, training, and work experience in determining how your condition affects your ability to work.
>
> You said you are unable to work because of:
>
> Mental problems, suicidal, neck & back problems, PTSD, disability in both hands due to arthritis problem with both sacroiliac joints leading to difficulty in walking.
>
> The medical evidence shows that you do have severe mental and physical impairments which do limit your ability to do some work related activities. However, you can still do work that does not require heavy lifting and is simple in nature.
>
> Your condition results in some limitations in your ability to perform work related activities. We have determined that your condition is not severe enough to keep you from working. We considered the medical and other information, your age and education in determining how your condition affects your ability to work. We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work.

(Tr. 209-210).

Plaintiff filed a timely written request for a hearing on January 7, 2016. (Tr. 16, 216-218). On October 26, 2017, Plaintiff appeared and testified at a hearing before Administrative Law Judge Todd D. Jacobson (the "ALJ"). (Tr. 16, 55-83, 250-253). In addition, Ellen Levine, a vocational

expert ("VE"), and Caryn Brzykcy, Plaintiff's attorney, appeared at the hearing. Id. See also (Tr. 214).

The ALJ issued an unfavorable decision on January 17, 2018, denying Plaintiff's claim. (Tr. 13-26). On March, 12, 2018, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on November 21, 2018. (Tr. 1, 256). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on January 14, 2019. (Document No. 1). On April 11, 2019, the parties consented to Magistrate Judge jurisdiction in this matter. (Document No. 10)

Plaintiff's "Motion For Summary Judgment" (Document No. 13) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 14) were filed June 27, 2019; and "Defendant's Motion For Summary Judgment" (Document No. 15) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 16) were filed July 1, 2019. "Plaintiff's Response To Defendant's Memorandum In Support Of Motion For Summary Judgment" (Document No. 17) was filed on July 10, 2019.

Based on the foregoing, the pending motions are now ripe for review and disposition.

## II.      STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971);  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.    DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between June 22, 2015, and the date of his decision.[2]  (Tr. 16, 25).  To establish entitlement to benefits, Plaintiff has the burden of proving

---

[2] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

that she was disabled within the meaning of the Social Security Act. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1)     whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2)     whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3)     whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4)     whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5)     whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. <u>Pass</u>, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 24-25).

_____

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. <u>Pass v. Chater</u>, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since June 22, 2015, her alleged disability onset date. (Tr. 18). At the second step, the ALJ found that degenerative disc disease; anxiety disorder; and affective disorder were severe impairments.[3] (Tr. 18). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 18).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> the claimant can occasionally stoop. The claimant can frequently handle and finger with the right hand. The claimant is capable of simple repetitive tasks for 2-hour intervals throughout the day for the duration of the workday. The claimant is further limited to no more than occasional public contact in a stable work environment.

(Tr. 20). In making his finding, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSR 16-3p." The ALJ also "considered opinion evidence in accordance with the requirements of 20 CFR 416.927." Id.

At the fourth step, the ALJ determined that Plaintiff "has no past relevant work." (Tr. 24) (citing 20 CFR 416.965). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 24-25). Specifically, the VE testified that according to the factors given by the ALJ,

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

occupations claimant could perform included a laundry folder, an inspector/hand packager, and an electronic worker. (Tr. 25). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between June 22, 2015, and the date of his decision, January 17, 2018. (Tr. 25-26).

Plaintiff on appeal to this Court makes the following assignments of error: (1) "the ALJ's decision violates *Woods*" because the ALJ failed to accord substantial weight to the disability determination of the North Carolina Department of Health and Human Services ("NCDHHS") regarding Plaintiff's eligibility for Medicaid for the Disabled ("MAD"); (2) "the ALJ's decision violates *Mascio*" because Plaintiff's ability to stay on task was not adequately explained; and (3) "the ALJ's decision violates *Thomas*" because the VE testimony conflicts with the Dictionary of Occupational Titles ("DOT"). (Document No. 14, pp. 1-4). The undersigned is persuaded that Plaintiff's third alleged error provides sufficient cause for remand and thus addresses that issue only.

**Conflict Between the VE Testimony and the DOT**

In her third assignment of error, Plaintiff argues that "the ALJ's decision violates *Thomas*." (Document No. 14, pp. 4, 11-14). Plaintiff notes that "[w]hen denying Ms. Beilharz's claim, at Step Five of the SEP, the ALJ relied upon the testimony of a VE that the RFC allowed for her to perform the jobs of laundry folder, inspector/hand packager and electronics worker." (Document No. 14, p. 11) (citing Tr. 25). The DOT titles for these jobs require a reasoning level of 2. (Document No. 14, p. 12) (citing DOT §§ 369.687-018; 559.687-074; 726.687-010 (Dept. of Labor 1977)).

"A reasoning level of '2' requires an individual to be capable of 'carry[ing] out detailed but uninvolved written or oral instructions. Deal with problems involving few concrete variables

in or from standardized situations.'"  (Document No. 14, p. 12) (citing DOT, App'x C § III).  "By contrast, a lower reasoning level of '1' requires an individual be capable of 'carry[ing] out simple one-or two-step instructions.  Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.'"  (Document No. 14, p. 12).

Plaintiff argues that ". . . there is an apparent conflict between the VE's testimony that Ms. Beilharz could perform these jobs with a restriction to simple tasks and the DOT's requirement of carrying out detailed tasks."  (Document No. 14, p. 12).  Plaintiff asserts that, "SSR 00-4p requires an ALJ to identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VE's and the information in the DOT."  (Document No. 14, p. 12) (citing SSR 00-4p).

In Plaintiff's view, this case is like <u>Pearson</u>:

>Notably, the Court held in *Pearson* that the ALJ does not fulfill his affirmative duty to identify and obtain an explanation for any apparent conflicts "merely because the [vocational expert] responds 'yes' when asked if her testimony is consistent with the [*Dictionary*]." *Pearson*, 810 F.3d at 208-09. Rather, the "ALJ independently must identify conflicts between the expert's testimony and the *Dictionary*." *Id.*  Thus, the VE's statement that her testimony was consistent with the information contained in the DOT (*see* AR 83) does not satisfy the ALJ's independent duty to identify this conflict.  The ALJ only stated in his decision that the VE's testimony was consistent with the DOT and that she relied upon her training, education and knowledge for issues on which the DOT is silent.

(Document No. 14, pp. 12-13).

Plaintiff contends that this case is similar to the 4th Circuit's recent decision in <u>Thomas</u>:

> [T]he conflict between Thomas's limitation to short, simple instructions and the VE's testimony that Thomas could perform jobs that include detailed but uninvolved instructions is as apparent as the conflict we identified in Pearson…[w]e remand so that the ALJ can resolve the conflict in accordance with the Administration's regulations.

(Document No. 14, p. 13) (quoting <u>Thomas v. Berryhill</u>, 916 F.3d 307, 314 (4th Cir. 2019).

Citing a recent decision by this Court Plaintiff persuasively argues:

> This Court has ordered remand, applying *Thomas* to the same facts as in the present case where the ALJ limited the claimant to the performance of simple routine repetitive tasks, yet found the claimant capable of performing reasoning level "2" jobs and failed to address the apparent conflict in the ALJ decision. *See Bailey v. Berryhill*, No. 1:17-cv-326 FDW, 2019 WL 1139498, at *3-5 (W.D.N.C. Mar. 12, 2019); *see also Johnson v. Berryhill*, No. 5:17-cv-548-FL, 2019 WL 1294643, at *3 (E.D.N.C. Mar. 20, 2019) ("The court sees no meaningful distinction between short, simple instructions and simple and routine tasks."). Notably, as was the case in *Bailey*, the ALJ gave some weight to the opinions of the State Agency psychological consultants in his decision (*see* AR 24), but both Drs. Wilson and Martin found that while Ms. Beilharz would not be significantly limited in her ability to carry out very short and simple instructions, she would be limited in her ability to carry out detailed instructions (as required for reasoning level "2" jobs (*see supra*)). *See* AR 180; 196.
>
> Thus, this case must also be remanded because the VE did not identify the conflict between her testimony and the DOT regarding the requisite reasoning level for the jobs cited at Step Five of the SEP (*see* AR 81) and the ALJ did not identify and obtain a reasonable explanation for this apparent conflict in his decision (*see* AR 25).

(Document No. 9, p. 10).

In response, Defendant argues that the ALJ acted properly and that "[m]entally, the ALJ limited plaintiff to SRTs for 2-hour intervals throughout the day for the duration of the workday." (Document No. 16, p. 10) (citing Tr. 20, Finding 4). Defendant also notes that ". . . the ALJ limited plaintiff to no more than occasional public contact in a stable work environment." <u>Id.</u> Defendant contends that ". . . the VE identified three unskilled Reasoning Level 2 jobs that plaintiff could perform with these mental limitations." (Document No. 16, p. 10) (citing Tr. 80-83).

Defendant further asserts that several courts have held that a GED reasoning level of two does not preclude the performance of simple, routine, tasks, and therefore, does not present any apparent conflict that needs to be addressed.  See (Document No. 16, pp. 11-12) (quoting Pearson v. Colvin, 810 F.3rd at 210-212 and Sigmon v. Berryhill, No. 5:17-CV-120-RJC-DSC, 2018 WL 4576788 at *4 (W.D.N.C. April 5, 2018)) (other citations omitted).

Defendant contends "that a limitation to routine tasks indicates that any instructions would be uninvolved to satisfy reasoning level two concerns, which require employees to carry out 'detailed but uninvolved' instructions."  (Document No. 16, p.11).  Defendant further contends that this case is distinguishable from Thomas v. Berryhill, because the RFC here is distinguishable from the RFC in that case.

> In the *Thomas* case, the RFC limited the claimant to **"short"** instructions.  The word **"short"** does not appear in the RFC limitation in this case.  A meaningful difference exists between a limitation to perform only SRTs—plaintiff's RFC limitation here— and a limitation to only receive and follow short, simple instructions—the RFC limitation in *Thomas*.  The first limitation accounts for a claimant's ability to perform certain job tasks while the second limitation accounts for a claimant's ability to comprehend job tasks.  *Thomas* is, therefore, distinguishable from the case at bar.  Accord: *Lambert*, 2019 WL 1354038, at *6 (W.D.N.C. Mar. 26, 2019).  See also, *e.g.*, *Beasley*, 2019 WL 1330928, at *4 (W.D.N.C. Mar. 25, 2019);  *Kiser*, 2019 WL 1173376, at *6 n.2 (W.D.N.C. Mar. 13, 2019).
>
> Therefore, the Commissioner submits that VE identified jobs raised no apparent conflict with the DOT's reasoning level of two as argued by plaintiff.

(Document No. 16, p. 12) (emphasis added).

In reply, Plaintiff argues that ". . . the operative word distinguishing reasoning level '1' jobs from reasoning level '2' jobs is 'simple' not 'short.'"  (Document No. 17, p. 1) (citing Dictionary of Occupational Titles ("DOT") App'x C § III (Dept. of Labor 1977)).  "A reasoning

level of '2' requires an individual to be capable of 'carry[ing] out *detailed* but uninvolved written or oral instructions.'" Id. (emphasis added). "By contrast, a lower reasoning level '1' job requires that an individual be capable of 'carry[ing] out *simple* one-or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.'" Id. (emphasis added)).

Plaintiff contends that ". . . several courts have already recognized that the conflict present in *Thomas* with reasoning level '2' or higher jobs is also present in cases involving a limitation to simple routine tasks as there is "no meaningful distinction between short, simple instructions and simple routine tasks." (Document No. 17, p. 2) (citing Johnson v. Berryhill, 2019 WL 1294643, at *3 (E.D.N.C. Mar. 20, 2019)); see also Bailey v. Berryhill, 2019 WL 1139498, at *3-5.

Plaintiff asserts that " . . .the Court read the DOT's reasoning level '2' language to conflict with a limitation to simple instructions because it would require the individual to *perform* upon detailed instructions." (Document No. 17, p. 2). "Similarly, a limitation to *simple* tasks necessarily dictates that the individual cannot perform jobs requiring *detailed* as opposed to *simple* instructions." Id.

The undersigned is most persuaded by Plaintiff's position and will direct that this matter be remanded for further consideration. The Fourth Circuit has opined that "[a]n ALJ has not fully developed the record if it contains an unresolved conflict between the expert's testimony and the *Dictionary.*" Pearson, 810 F.3d at 210. "Nor has the ALJ fulfilled this duty if he ignores an apparent conflict because the expert testified that no conflict existed." Id. In Thomas, the Fourth Circuit determined that ". . . the conflict between [a] limitation to short, simple instructions and the VE's testimony that Thomas could perform jobs that include detailed but uninvolved instructions is as apparent as the conflict we identified in *Pearson*." Thomas, 916 F.3d at 314.

The undersigned agrees with Plaintiff that this Court's recent decision in Bailey v. Berryhill, No. 1:17-cv-326-FDW, 2019 WL 1139498 (W.D.N.C. Mar. 12, 2019) is instructive here. See (Document No. 14, p. 13). In Bailey, the plaintiff was limited to "simple, routine, repetitive tasks" but was described by the ALJ and VE as capable of performing the jobs of "electronics worker, laundry folder, and hand packager" requiring a Reasoning Level 2. Bailey, 2019 WL 1139498, at *3-5. Chief Judge Whitney applied Thomas to the facts in Bailey and determined that

> In the instant case, given the ALJ's findings of Plaintiff's inability to understand and remember detailed instruction, and the Fourth Circuit's recent holding in Thomas, this Court finds that an apparent conflict exists. Because the occupations identified by the VE have an apparent conflict with Plaintiff's RFC that was not identified or explained by the ALJ, the ALJ improperly relied on the VE's testimony in finding that Plaintiff could perform these jobs. See Henderson v. Colvin, 643 Fed.Appx. 273, 277 (4th Cir. 2016) (explaining that Pearson held substantial evidence only exists "if the ALJ received an explanation from the VE explaining the conflict and determined both that the explanation was reasonable and that it provided a basis for relying on the VE's testimony rather than the DOT").

Bailey, 2019 WL 1139498, at *5.

The Court finds that the circumstances of this case are very similar to Bailey. While the Commissioner may ultimately be correct that Plaintiff can perform work in the national economy, this matter must be remanded for further proceedings.

> As the Fourth Circuit explained in Pearson, the existence of a conflict here does not mean that on remand the ALJ must find Plaintiff unable to perform these jobs. Pearson, 810 F.3d at 211. Rather, the ALJ and expert need to address the conflict and explain why Plaintiff can perform those occupations.

Bailey, 2019 WL 1139498, at *5.

## IV.    CONCLUSION

Based on the foregoing, the undersigned is not persuaded that substantial evidence supports the Commissioner's decision and that the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  As such, the undersigned will direct that the Commissioner's decision be remanded. On remand, an ALJ should carefully review Plaintiff's alleged error regarding Plaintiff's RFC and the reasoning level of identified jobs.  In addition, although the undersigned is not convinced Plaintiff's other alleged errors would support remand, it may be helpful for an ALJ to consider Plaintiff's other arguments and add further clarification in her/his decision as to those issues.

**IT IS, THEREFORE, ORDERED** that:  Plaintiff's "Motion For Summary Judgment" (Document No. 13) is **GRANTED**;  the "Defendant's Motion For Summary Judgment" (Document No. 15) is **DENIED**;  and this matter is **REMANDED** for further consideration.

**SO ORDERED**.

Signed: July 30, 2019

David C. Keesler
United States Magistrate Judge

13